# Exhibit A

20158-JEN,DCB

F:\JEN\20158\pldgs\ThirdPartyComplaint.Counterclaim.011316.docx ATTY # 46590

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANDREW CLARK, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT W. HURWITZ, RONALD A. HURWITZ, ILLINOIS DEPARTMENT OF TRANSPORTATION, STATE OF ILLINOIS, and D CONSTRUCTION, INC., <br><br> Defendants. | |
| ROBERT W. HURWITZ, and RONALD A. HURWITZ, <br><br> Defendants/Third-Party Plaintiffs, <br><br> vs. <br><br> CHRISTOPHER C. DAMATO, <br><br> Third-Party Defendant. | No. 15L008442 <br> Calendar X |
| ROBERT W. HURWITZ, and RONALD A. HURWITZ, <br><br> Defendants/Counter-Plaintiffs, <br><br> vs. <br><br> D CONSTRUCTION, INC., <br><br> Defendant/Counter-Defendant. | |

A TRUE COPY

ATTEST: RICHARD T. DeLUCIA
STATE MARSHAL, FAIRFIELD COUNTY

### THIRD-PARTY COMPLAINT FOR CONTRIBUTION AGAINST CHRISTOPHER C. DAMATO AND COUNTERCLAIM FOR CONTRIBUTION AGAINST D CONSTRUCTION, INC.

Atch 1

## COUNT I
## ROBERT W. HURWITZ V. CHRISTOPHER C. DAMATO
## (NEGLIGENCE)

NOW COMES the Defendant/Third-Party Plaintiff, ROBERT W. HURWITZ, by and through his attorneys in this matter, JOHN E. NORTON & ASSOCIATES, LLC, and as and for his Third-Party Complaint for Contribution against the Third-Party Defendant, CHRISTOPHER C. DAMATO, states as follows:

1. The Plaintiff, Andrew Clark, has filed a multi-count Complaint at Law in the Circuit Court of Cook County.

2. In his Complaint, the Plaintiff alleges that he was injured in an automobile accident which occurred on September 27, 2014, in the northbound lanes of Interstate I-55 at or near Bluff Rd., in the Township of Channahon, and County of Will, due to the negligence of the Defendant/Third-Party Plaintiff, Robert Hurwitz.

3. The Defendant/Third-Party Plaintiff, Robert Hurwitz, has filed his Answer to the Complaint denying the material allegations therein.

4. Although the Defendant/Third-Party Plaintiff, Robert Hurwitz, has denied all liability in this matter, in the event that he should be found liable to the Plaintiff, Andrew Clark, he pleads, alternatively, that he is entitled to contribution from the Third-Party Defendant, Christopher Damato, pursuant to the Illinois Joint Tortfeasors Contribution Act (740 ILCS100/0.01, *et seq*.).

5. At the time of the automobile accident on September 27, 2104, the Third-Party Defendant, Christopher Damato, had a duty to exercise ordinary care in the control, operation and maintenance of his motor vehicle for the safety of those upon the roadway, including the Plaintiff, Andrew Clark.

2

A TRUE COPY

ATTEST: RICHARD T. DeLUCIA
STATE MARSHAL, FAIRFIELD COUNTY

6. That, in violation of that duty, the Third-Party Defendant, Christopher Damato, was guilty of one or more of the following negligent acts and/or conditions:

   a. Carelessly and negligently failed to adequately stop his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

   b. Carelessly and negligently failed to adequately and properly slow his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

   c. Carelessly and negligently failed to adequately and properly change lanes when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

   d. Carelessly and negligently operated his motor vehicle at a speed greater than the posted speed limit, which caused him to be unable to adequately stop his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

   e. Carelessly and negligently operated his motor vehicle at a speed greater than the posted speed limit, which caused him to be unable to properly slow his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

   f. Carelessly and negligently operated his motor vehicle at a speed greater than the posted speed limit, which caused him to be unable to adequately and properly change lanes when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

   g. Carelessly and negligently failed to sound his horn so as to warn the Defendant/Third-Party Plaintiff, Robert Hurwitz, of the presence of his vehicle to avoid collision with the vehicle being operated by the Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

    h.    Otherwise carelessly and negligently operated his motor vehicle so as to avoid collision with the vehicle being operated by the Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger.

7.    The foregoing negligent acts and/or omissions on the part of the Third-Party Defendant, Christopher Damato, were the direct and proximate cause of the damages purportedly suffered by the Plaintiff, Andrew Clark, if the jury finds that the Plaintiff was, in fact, injured.

WHEREFORE, the Defendant/Third-Party Plaintiff, Robert Hurwitz, prays that if judgment is entered against him and in favor of the Plaintiff, Andrew Clark, which the Defendant/Third-Party Plaintiff, Robert Hurwitz, denies, that a judgment likewise be entered in his favor and against the Third-Party Defendant, Christopher Damato, for his proportionate share of the judgment.

## COUNT II
## ROBERT W. HURWITZ V. D CONSTRUCTION, INC.
## (NEGLIGENCE)

NOW COMES the Defendant/Counter-Plaintiff, ROBERT HURWITZ, by and through his attorneys in this matter, JOHN E. NORTON & ASSOCIATES, LLC, and as and for his Counterclaim for Contribution against the Defendant/Counter-Defendant, D CONSTRUCTION, INC., states as follows:

1.    The Plaintiff, Andrew Clark, has filed a multi-count Complaint at Law in the Circuit Court of Cook County.

2.    In his Complaint, the Plaintiff alleges that he was injured in an automobile accident which occurred on September 27, 2014, in the northbound lanes of Interstate I-55 at

4

or near Bluff Rd., in the Township of Channahon, and County of Will, due to the negligence of the Defendant/Counter-Plaintiff, Robert Hurwitz.

3. The Defendant/Counter-Plaintiff, Robert Hurwitz, has filed his Answer to the Complaint denying the material allegations therein.

4. Although the , Defendant/Counter-Plaintiff, Robert Hurwitz, has denied all liability in this matter, in the event that he should be found liable to the Plaintiff, Andrew Clark, he pleads, alternatively, that he is entitled to contribution from the Defendant/Counter-Defendant, D Construction, Inc., pursuant to the Illinois Joint Tortfeasors Contribution Act (740 ILCS100/0.01, *et seq.*).

5. At the time of the automobile accident on September 27, 2104, the Defendant/Counter-Defendant, D Construction, Inc., was engaged in a construction project to improve, replace, or repair sections of the Des Plaines River bridge which is a part of Interstate 55 northbound and southbound at the intersection with the river in the town of Channahon and State of Illinois.

6. That at all times relevant herein, it became and was the duty of the Defendant/Counter-Defendant, D Construction, Inc., to exercise ordinary care in its supervision, management, and control of said construction activities in order to maintain a safe means of passage for traffic moving north and south through said construction project.

7. That, in violation of that duty, the Defendant/Counter-Defendant, D Construction, Inc., was guilty of one or more of the following negligent acts and/or conditions:

    a. Failed to maintain adequate barricades between the northbound and southbound lanes in the crossover area after the normal flow of traffic was restored;

5

b. Failed to inspect median barricades in the crossover area to the north of the Des Plaines River bridge to determine their effectiveness;

c. Failed to replace adequate signage prohibiting the use of portions of the crossover median pavement to the north and south of the median barricades north of the Des Plaines River bridge;

d. Failed to restore the median separation devices between the north and southbound lanes at the conclusion of the construction project;

e. Permitted or allowed crash attenuation barrels to be improperly placed so as to allow traffic to move across the median from the southbound to the northbound lanes;

f. Failed to place illegal U turn signs at the north and south ends of the concrete barrier wall across the paved median;

g. Failed to prohibit construction traffic to maintain an open access across the barrier separating north and southbound traffic within the paved median;

h. Failed to demolish or destroy portions of the median which had been paved or improved to allow crossover traffic to facilitate bridge construction when the normal flow of traffic was restored;

i. Failed to erect signs and pavement markings in accord with the uniform manual on traffic control devices when the normal flow of traffic was restored;

j. Was otherwise careless and negligent.

8. The foregoing negligent acts and/or omissions on the part of the Defendant/Counter-Defendant, D Construction, Inc., were the direct and proximate cause of the damages purportedly suffered by the Plaintiff, Andrew Clark, if the jury finds that the Plaintiff was, in fact, injured.

WHEREFORE, the Defendant/Counter-Plaintiff, Robert Hurwitz, prays that if judgment is entered against him and in favor of the Plaintiff, Andrew Clark, which the Defendant/Counter-Party Plaintiff, Robert Hurwitz, denies, that a judgment likewise be

6

entered in his favor and against the Defendant/Counter-Defendant, D Construction, Inc., for its proportionate share of the judgment.

## COUNT III
## RONALD A. HURWITZ V. CHRISTOPHER C. DAMATO
## (NEGLIGENCE)

NOW COMES the Defendant/Third-Party Plaintiff, RONALD A. HURWITZ, by and through his attorneys in this matter, JOHN E. NORTON & ASSOCIATES, LLC, and as and for his Third-Party Complaint for Contribution against the Third-Party Defendant, CHRISTOPHER C. DAMATO, states as follows:

1. The Plaintiff, Andrew Clark, has filed a multi-count Complaint at Law in the Circuit Court of Cook County.

2. In his Complaint, the Plaintiff alleges that he was injured in an automobile accident which occurred on September 27, 2014, in the northbound lanes of Interstate I-55 at or near Bluff Rd., in the Township of Channahon, and County of Will, as the result of the negligent acts of the Defendant/Third-Party Plaintiff, Robert Hurwitz, and that Defendant/Third-Party Plaintiff, Ronald Hurwitz, is vicariously liable, as the Defendant/Third-Party Plaintiff, Robert Hurwitz, was acting as his agent, servant, and/or employee at the time of the occurrence.

3. The Defendant/Third-Party Plaintiff, Ronald Hurwitz, has filed his Answer to the Complaint denying the material allegations therein.

4. Although the Defendant/Third-Party Plaintiff, Ronald Hurwitz, has denied all liability in this matter, in the event that he should be found liable to the Plaintiff, Andrew Clark, he pleads, alternatively, that he is entitled to contribution from the Third-Party

Defendant, Christopher Damato, pursuant to the Illinois Joint Tortfeasors Contribution Act (740 ILCS100/0.01, *et seq.*).

5. At the time of the automobile accident on September 27, 2104, the Third-Party Defendant, Christopher Damato, had a duty to exercise ordinary care in the control, operation and maintenance of his motor vehicle for the safety of those upon the roadway, including the Plaintiff, Andrew Clark.

6. That, in violation of that duty, the Third-Party Defendant, Christopher Damato, was guilty of one or more of the following negligent acts and/or conditions:

    a. Carelessly and negligently failed to adequately stop his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

    b. Carelessly and negligently failed to adequately and properly slow his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

    c. Carelessly and negligently failed to adequately and properly change lanes when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

    d. Carelessly and negligently operated his motor vehicle at a speed greater than the posted speed limit, which caused him to be unable to adequately stop his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

    e. Carelessly and negligently operated his motor vehicle at a speed greater than the posted speed limit, which caused him to be unable to properly slow his vehicle when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

f. Carelessly and negligently operated his motor vehicle at a speed greater than the posted speed limit, which caused him to be unable to adequately and properly change lanes when it was necessary to do so to avoid collision with the vehicle being operated by Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

g. Carelessly and negligently failed to sound his horn so as to warn the Defendant/Third-Party Plaintiff, Robert Hurwitz, of the presence of his vehicle to avoid collision with the vehicle being operated by the Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger;

h. Otherwise carelessly and negligently operated his motor vehicle so as to avoid collision with the vehicle being operated by the Defendant/Third-Party Plaintiff, Robert Hurwitz, in which the Plaintiff, Andrew Clark, was a passenger.

7. The foregoing negligent acts and/or omissions on the part of the Third-Party Defendant, Christopher Damato, were the direct and proximate cause of the damages purportedly suffered by the Plaintiff, Andrew Clark, if the jury finds that the Plaintiff was, in fact, injured.

WHEREFORE, the Defendant/Third-Party Plaintiff, Ronald Hurwitz, prays that if judgment is entered against him and in favor of the Plaintiff, Andrew Clark, which the Defendant/Third-Party Plaintiff, Ronald Hurwitz, denies, that a judgment likewise be entered in his favor and against the Third-Party Defendant, Christopher Damato, for his proportionate share of the judgment.

### COUNT IV
### RONALD A. HURWITZ V. D CONSTRUCTION, INC.
### (NEGLIGENCE)

NOW COMES the Defendant/Counter-Plaintiff, RONALD HURWITZ, by and through his attorneys in this matter, JOHN E. NORTON & ASSOCIATES, LLC, and as and

9

for his Counterclaim for Contribution against the Defendant/Counter-Defendant, D CONSTRUCTION, INC., states as follows:

1. The Plaintiff, ANDREW CLARK, has filed a multi-count Complaint at Law in the Circuit Court of Cook County.

2. In his Complaint, the Plaintiff alleges that he was injured in an automobile accident which occurred on September 27, 2014, in the northbound lanes of Interstate I-55 at or near Bluff Rd., in the Township of Channahon, and County of Will, as the result of the negligent acts of the Defendant/Counter-Plaintiff, Robert Hurwitz, and that Defendant/Counter-Plaintiff, Ronald Hurwitz, is vicariously liable, as the Defendant/Counter- Plaintiff, Robert Hurwitz, was acting as his agent, servant, and/or employee at the time of the occurrence.

3. The Defendant/Counter Plaintiff, Ronald Hurwitz, has filed his Answer to the Complaint denying the material allegations therein.

4. Although the Defendant/Counter Plaintiff, Ronald Hurwitz, has denied all liability in this matter, in the event that he should be found liable to the Plaintiff, Andrew Clark, he pleads, alternatively, that he is entitled to contribution from the Defendant/Counter-Defendant, D Construction, Inc., pursuant to the Illinois Joint Tortfeasors Contribution Act (740 ILCS100/0.01, *et seq.*).

5. At the time of the automobile accident on September 27, 2104, the Defendant/Counter Defendant, D. Construction, Inc., was engaged in a construction project to improve, replace, or repair sections of the Des Plaines River bridge which is a part of Interstate 55 northbound and southbound at the intersection with the river in the town of Channahon and State of Illinois.

6. That at all times relevant herein, it became and was the duty of the Defendant/Counter-Defendant, D Construction, Inc., to exercise ordinary care in its supervision, management, and control of said construction activities in order to maintain a safe means of passage for traffic moving north and south through said construction project.

7. That, in violation of that duty, the Defendant/Counter-Defendant, D Construction, Inc., was guilty of one or more of the following negligent acts and/or conditions:

   a. Failed to maintain adequate barricades between the northbound and southbound lanes in the crossover area after the normal flow of traffic was restored;

   b. Failed to inspect median barricades in the crossover area to the north of the Des Plaines River bridge to determine their effectiveness;

   c. Failed to replace adequate signage prohibiting the use of portions of the crossover median pavement to the north and south of the median barricades north of the Des Plaines River bridge;

   d. Failed to restore the median separation devices between the north and southbound lanes at the conclusion of the construction project;

   e. Permitted or allowed crash attenuation barrels to be improperly placed so as to allow traffic to move across the median from the southbound to the northbound lanes;

   f. Failed to place illegal U turn signs at the north and south ends of the concrete barrier wall across the paved median;

   g. Failed to prohibit construction traffic to maintain an open access across the barrier separating north and southbound traffic within the paved median;

   h. Failed to demolish or destroy portions of the median which had been paved or improved to allow crossover traffic to facilitate bridge construction when the normal flow of traffic was restored;

   i. Failed to erect signs and pavement markings in accord with the uniform manual on traffic control devices when the normal flow of traffic was restored;

    j.       Was otherwise careless and negligent.

8.       The foregoing negligent acts and/or omissions on the part of the Defendant/Counter Defendant, D Construction, Inc., were the direct and proximate cause of the damages purportedly suffered by the Plaintiff, Andrew Clark, if the jury finds that the Plaintiff was, in fact, injured.

WHEREFORE, the Defendant/Counter Plaintiff, Ronald Hurwitz, prays that if judgment is entered against him and in favor of the Plaintiff, Andrew Clark, which the Defendant/Counter-Plaintiff, Ronald Hurwitz, denies, that a judgment likewise be entered in his favor and against the Defendant/Counter-Defendant, D Construction, Inc., for its proportionate share of the judgment.

Respectfully submitted,

JOHN E. NORTON & ASSOCIATES, LLC
Attorneys at Law

By: _____

One of the Attorneys for Defendants,
ROBERT W. HURWITZ and
RONALD A. HURWITZ

JOHN E. NORTON
DAVID C. BRUSS
**JOHN E. NORTON & ASSOCIATES, LLC**
109 N. Hale Street
P. O. Box 846
Wheaton, IL 60187
630-668-9440
Attorney No. 46590

A TRUE COPY

ATTEST: _____
RICHARD T. DeLUCIA
STATE MARSHAL, FAIRFIELD COUNTY